Mary Lynn TAYLOR,
Plaintiff-Appellant,

v.

GENERAL TELEPHONE COMPANY
OF the SOUTHWEST,
Defendant-Appellee.

No. 84–1914
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 2, 1985.

Dunton, Nolan, Odé & Cooper, Lucius D. Bunton, Austin, Tex., for plaintiff-appellant.

Ward W. Wueste, Jr., Charla Harvey Edwards, San Angelo, Tex., for defendant-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

The district court granted summary judgment against Mary Lynn Taylor in her age discrimination case against General Telephone of the Southwest (General Telephone), and Taylor appeals. The district court granted summary judgment because it found that Taylor had not filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged act of discrimination as required by section 626(d)(1) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. In addition, the district court found that Taylor failed to allege facts sufficient to justify equitable tolling of the time period. On appeal, Taylor asserts that her charge was timely "filed" with the EEOC because it was *mailed* to the EEOC on the 180th day after the alleged act of discrimination, even though it was not *received* by EEOC until the 181st day. Alternatively, Taylor as-

serts that if her charge was untimely, then equitable considerations tolled the running of the limitations period. This Court holds that mailing a charge does not constitute "filing" for purposes of section 626(d)(1), and that Taylor's charge was not timely filed. In addition, Taylor has failed to allege a factual basis for equitable tolling of the filing requirement. The grant of summary judgment by the district court is affirmed.

## I. BACKGROUND

This Court considers the facts in the light most favorable to Taylor, the opponent of summary judgment. *Simmons v. Lyons*, 746 F.2d 265 (5th Cir.1984). Thus, we rely for the most part on Taylor's affidavit for the following factual summary. Taylor was employed as a clerk in General Telephone's offices in Brownwood, Brown County, Texas, from February 2, 1978, until her discharge on June 12, 1981. Taylor was forty years of age at the time of her discharge.

Prior to her discharge, Taylor had contacted the EEOC because she felt that her job might be in jeopardy. The EEOC sent Taylor a form letter which did not mention a specific time limit for filing a charge. According to Taylor, since things appeared to stabilize in her job she decided not to pursue any claim at that time. Taylor was discharged sometime thereafter.

After her discharge, Taylor contacted several representatives of the Communications Workers' Association and the National Labor Relations Board. Taylor was advised that neither organization could be of any assistance to her. Taylor then contacted the Texas Employment Commission (TEC) in Brownwood to file for unemployment insurance. Taylor's affidavit alleges that she was not advised by the TEC regarding the filing of a claim against General Telephone. Her affidavit, however, does not allege that she requested any advice on how to proceed with a discrimination claim against her employer. At that point, Taylor alleges that she did not consider filing a complaint with the EEOC.

Taylor and her husband agreed that they should take no action against General Telephone until they recovered financially from her discharge, and that they would then consult a private attorney with regard to filing suit. In November 1981, Taylor consulted an attorney. In her pre-screening interview, the attorney's administrative staff informed Taylor that she had to file a complaint with the EEOC before they (or any other attorney) would take the case. It was at that time that Taylor became aware that she might be required to pursue an EEOC complaint. Because of the demands of a new job, family matters, and personal matters, Taylor decided to wait until after the Thanksgiving holidays to pursue filing a charge with the EEOC. In the first week of December, after Taylor realized that time was running out, she contacted the TEC. Taylor was informed that there was a six month time limit, but the individual she talked to could not inform her of "when it was to run." Taylor was also advised by another agency that the time limit for filing a complaint with the EEOC was six months. Taylor did not directly contact the EEOC.

Taylor states that she calculated the time period as follows:

> I determined that since the first day after my discharge was the 164th day of the year, and 180 days hence was the 344th day, I had until the 10th of December to file. When I mailed my complaint on December 9th, I fully believed it had been "filed." In so many areas, the postmark is the determining factor, I did not believe that there would be any problem. Soon after, I received a letter from EEOC scheduling an interview so I felt I had made the deadline and continued through the procedure with EEOC.

Record at 50.

Taylor also stated that she was never specifically informed by General Telephone about how to file an EEOC charge. There was an employee bulletin board in the building in which Taylor worked where bulletins were posted, but Taylor did not have access to that information after her dis-

charge and she had no advice from anyone at General Telephone thereafter.

Sometime later, Taylor received her right to sue letter from the EEOC. Record at 36. In June of 1983, Taylor filed the instant action against General Telephone. General Telephone filed a motion to dismiss for failure to state a claim upon which relief could be granted. General Telephone also asserted lack of subject matter jurisdiction arguing that Taylor had failed to timely file her age discrimination charge with the EEOC. The district court correctly concluded that the timeliness of the charge was not jurisdictional. Record at 48; *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The district court then entered an order allowing Taylor to present an affidavit setting forth facts sufficient to equitably toll the 180-day filing requirement. Taylor filed the aforementioned affidavit.

The district court, treating the motion to dismiss as a motion for summary judgment, entered an order dismissing Taylor's complaint. The district court found that mailing the charge did not constitute filing the charge with the EEOC; therefore, the charge was untimely. The district court then determined that Taylor's affidavit did not set forth sufficient facts to equitably toll the filing requirement. Taylor appeals both of these conclusions. This Court affirms the order of the district court for the reasons stated below.

## II. DISCUSSION

A grant of summary judgment is appropriate only where it appears from pleadings, depositions, admissions, answers to interrogatories and affidavits, considered in the light most favorable to the opposing party, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Simmons v. Lyons*, 746 F.2d 265 (5th Cir.1984); *Dorden v. C.H. Heist Corp.*, 743 F.2d 1135 (5th Cir.1984). This Court concludes that General Telephone is entitled to judgment as a matter of law.

### A. *The Filing Requirement*

First, Taylor argues that mailing her charge to the EEOC constituted filing of the charge with the EEOC for purposes of section 626(d)(1). General Telephone, on the other hand, asserts that the charge was untimely as a matter of law because it was not filed until it was received by the EEOC. Section 626(d)(1) provides:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—
>
> (1) within 180 days after the alleged unlawful practice occurred; ...

At issue in this appeal is whether mailing the complaint constitutes filing as used in this provision. There are no controlling cases or regulations on point. However, this Court's careful review of the legislative history of the ADEA leads to the conclusion that Congress intended this provision to parallel a similar provision in Title VII. Our review of cases construing Title VII filing provisions leads inescapably to the conclusion that "mailing" may not be construed as "filing" for purposes of Title VII. For that reason, this Court concludes that Taylor had not filed her charge with the EEOC when she deposited it in the mail on December 9, 1981. It was not filed until it was received by the EEOC on the 181st day after the alleged act of discrimination; therefore, her filing was not timely.

### 1. *The Legislative History*

The House of Representative's version of the Age Discrimination in Employment Act of 1967 did not contain a 180-day filing limit. Instead, H.R. 13504, 90th Cong., 1st Sess. § 7 (1967), provided that as a condition precedent to a civil action by an individual, the individual must give notice of intent to sue to the Secretary of the Department of Labor. The Secretary would then have 60 days in which the Secretary was to attempt to informally mediate the

grievance. Once 60 days elapsed, the individual was free to file suit against the employer. *See* H.R.Rep. No. 805, 90th Cong., 1st Sess. 5 (1967), U.S.Code Cong. & Admin.News 1967, 2213. The Senate version of the bill, however, contained language very similar to the present language in section 626(d)(1). S. 830, 90th Cong., 1st Sess. § 7 (1967). The Senate's approach to this issue prevailed. 113 Cong.Rec. 35,133 (1967), *reprinted in,* EEOC, *Legislative History of the Age Discrimination in Employment Act* at 172 (1981).

In 1977, the Senate attempted to delete the 180-day provision and to substitute for it a provision similar to the earlier House provision. It was argued in favor of the amendments that the 180-day deadline was unfair to potential litigants:

> The Age Discrimination in Employment Act contains a plethora of time limitations and procedural requirements. One of the most unfair is the requirement of section 7(D) that before any individual may institute a lawsuit, he or she must give the Department of Labor notice of intent to file a suit within 180 days of the occurrence of the alleged act of discrimination. . . .
>
> The failure to file timely notice within this 180-day period has been the most common basis for dismissal of ADEA lawsuits by private individuals. . . .
>
> In order to remove this unreasonable burden on victims of discrimination, the bill eliminates . . . the 180-day . . . notice of intent to sue requirement, so that a complaint alleging discrimination will be timely unless barred by the applicable statute of limitations.

123 Cong.Rec. 34,296 (1977), *reprinted in,* EEOC, *Legislative History of the Age Discrimination in Employment Act* at 483 (1981). The House, however, declined to adopt the Senate amendment.

The conference compromise contained the present provisions. In support of the conference version of the bill, it was argued:

> Thus, the Senate amendment discarded the 180-day notice-of-intent-to-sue requirement in order to prevent unjustified dismissals of lawsuits on procedural grounds. *Yet, in so doing, the amendment would have created a disparity with the 180-day charge requirement until [sic] title VII of the Civil Rights Act, which prohibits the other forms of employment discrimination . . .*

123 Cong.Rec. H 2272 (daily ed. Mar. 21, 1978) (statement of Rep. Quie), *reprinted in,* EEOC, *Legislative History of the Age Discrimination in Employment Act* at 530 (1981) (emphasis added). Both the House and Senate adopted the conference version of the bill.

From this legislative history two important considerations emerge. First, Congress consciously chose to retain the 180-day filing requirement fully aware that many cases were dismissed on the basis of this technical requirement. Second, one ascertainable purpose for this choice was to avoid creating a disparity between the ADEA and Title VII.

We have noted that there are no controlling cases dealing with the exact question here presented.[1] There is, however, relevant law concerning the analogous provision in Title VII which leads this Court to conclude that mailing is not filing for purposes of the 180-day limit.

### 2. *Title VII*

■ The EEOC regulations interpret the analogous Title VII provision to mean that a charge is "filed" when it is received by the Commission:

> (a) *Initial presentation of a charge to the Commission.* (1) Charges arising in jurisdictions having no 706 Agency are filed with the Commission upon receipt. Such charges are timely filed if received

---

1. This Court takes note of the district court decision in *Volk v. Multi-Media, Inc.,* in which that court held that "'charge' means something in written form and 'filing' means putting the notice into the possession of an officer of the Department of Labor." 516 F.Supp. 157, 161 (S.D.Ohio 1981).

by the Commission within 180 days from the date of the alleged violation.

29 C.F.R. § 1601.13(a).

Moreover, there are occasions under Title VII when "filing" occurs sometime *after* the EEOC receives the charge. *See Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Given that filing for purposes of Title VII may occur even after receipt of the charge, this Court concludes that mailing is not filing for purposes of Title VII. Such an interpretation would be inconsistent with the *Mohasco* decision. This Court also concludes that filing under the ADEA must be given a like interpretation. *See Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 587 (5th Cir. 1981). Consequently, Taylor's charge was not filed when she deposited the letter in the mail.

### B. *Equitable Tolling*

■ Once this Court determines that Taylor failed to timely file her charge with the EEOC, it becomes necessary to determine whether the facts justify equitable tolling of the filing requirement in this case. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). We have carefully reviewed the allegations in Taylor's affidavit and conclude that she has presented no factual basis for equitable tolling, being mindful that the burden is on her to demonstrate those facts. *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir.1971).

Taylor's affidavit discloses that Taylor and her husband made a concious decision to delay action on her claim for some period after Taylor's discharge. Approximately one month before the filing deadline, Taylor consulted an attorney and was told that she must file a charge with the EEOC before she could file a civil suit. In the first week of December, if not sooner, Taylor was informed of the six month filing period. Nevertheless, she waited until the next to the last day (by her own calculations) to file. As it turns out, she miscalculated that period and her charge arrived at the EEOC office in Dallas one day late. In *Templeton v. Western Union Telegraph Co.*, 607 F.2d 89 (5th Cir.1979), this Court stated:

> [A]n employee who is aware of his ADEA rights yet does not notify the Department of Labor of his intent to sue within the prescribed period of time is barred from asserting a cause of action under the ADEA.

*Id.* at 91.

Taylor makes no other allegations that might toll the limitations period. Taylor claims that she was not told how to calculate the running of the period, but she makes no allegation that she specifically sought to obtain that information from the EEOC. Given Taylor's conscious delay in seeking a remedy for her discharge, this Court holds that Taylor has failed to show that equitable considerations weigh in favor of tolling the limitations period.

### III. CONCLUSION

This Court holds that mailing is not filing for purposes of section 626(d)(1) of the ADEA. Moreover, this court concludes that Taylor has not presented a factual basis sufficient to warrant equitable tolling of the limitations period. Therefore, the order of the district court is

AFFIRMED.