930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Reynaldo B. BARELA, Jr., Plaintiff-Appellant,
v.
Frank MUNIZ, U.S. Postal Service, Denver, Colorado,
Defendant-Appellee.
 No. 90-1265.
 United States Court of Appeals, Tenth Circuit.
 March 27, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Barela appeals from the district court's dismissal of his claim that he was improperly discharged from the Postal Service. He contends his discharge violated the Rehabilitation Act of 1973, his union's collective bargaining agreement, and the Civil Service Reform Act of 1978. The district court dismissed Mr. Barela's case based upon his failure to file timely appeals and upon its finding that the doctrine of equitable tolling did not apply. We affirm.
 
 
 3
 Mr. Barela received notice of proposed removal from his position as a mail handler on January 30, 1985. The notice stated that he was being removed for verbally threatening a postal supervisor and for failure to follow official instructions. This same notice stated Mr. Barela could respond within ten days to the accusations of insubordination by writing to a labor relations representative. Mr. Barela filed a response, but after the required filing date.
 
 
 4
 Notice of his termination was mailed on February 28, 1985, along with notice of the filing deadlines for appeals for the Merit Systems Protection Board (MSPB) (within twenty days) and the Equal Employment Opportunity (EEO) counselor, beginning the EEO complaint procedure (within thirty days). The February 28, 1985 notice also outlined the future deadlines for the various stages of appeal under EEO, MSPB, and Postal Service procedures. On March 26, 1985, Mr. Barela was given a "Notice of Final Interview with EEO Counselor" advising him of his right to pursue further EEO action by filing a formal complaint within fifteen days. The record shows Mr. Barela failed to meet each of these filing deadlines. Certified letter receipts and affidavits in the record show that these notices were delivered to Mr. Barela's address.
 
 
 5
 On July 3, 1985, Mr. Barela was notified of the rejection of his discrimination complaint filed with the Postal Service because it was filed forty days too late. This notice informed him of his right to appeal within twenty days. It also stated, "In lieu of an appeal to the Commission, you may file a civil action in an appropriate U.S. District Court within 30 days of receipt of the [July 3, 1985] decision." (emphasis in original). Mr. Barela did appeal this decision to the Commission in a timely manner, but it affirmed the rejection due to Mr. Barela's failure to adequately justify his late filing. He did not file suit in federal district court until June 9, 1988, nearly three years after receiving notice that he must file within thirty days.
 
 
 6
 Mr. Barela finally filed his MSPB appeal on July 13, 1987. This appeal was dismissed due to untimely filing on September 8, 1987, after he was given two opportunities to explain his late filing. The MSPB stated that this initial decision would become final if not appealed by October 13, 1987. The record shows that Mr. Barela's petition for review was denied on December 16, 1987. On this same date he was given notice of his right to appeal to the United States Court of Appeals for the Federal Circuit within thirty days. Certified letter receipts and affidavits reproduced in the record show delivery of these notices to either Mr. Barela or his attorney of record in the MSPB appeals.
 
 
 7
 Mr. Barela filed suit in the United States District Court for the District of Colorado on June 9, 1988, setting forth the same three claims argued in this appeal. The district court ruled: (1) the claim of discrimination under the Rehabilitation Act, 29 U.S.C. 794(a), is barred because Mr. Barela filed this action after the thirty-day deadline set out in 42 U.S.C. 2000(e)-2016(c); (2) the claim concerning breach of the collective bargaining agreement fails because the complaint was not well-pleaded and because the six-month statute of limitations for filing had run; and (3) the filing date for review of the MSPB's decision concerning violation of the Civil Service Reform Act had passed, barring further action on this claim as well. The district court then held that the doctrine of equitable tolling did not excuse Mr. Barela's untimely filings and entered judgment for the defendant on all claims.
 
 
 8
 Because all of the relevant filings were untimely under the applicable statutes, the only remaining issue in this case is whether equitable tolling excuses Mr. Barela. He presents two reasons why the doctrine should apply in his case. First, he argues that his failure to file a formal complaint of discrimination within the fifteen-day limitation set out in 29 U.S.C. Sec. 214(a)(1)(ii) was caused by his EEO counselor's misleading statements, and that he was misled by other officials into missing various deadlines. Second, he claims that certain physical and psychological limitations led to the delays in filing EEO and MSPB administrative appeals as well as his failure to file suit in federal court within the required time.
 
 
 9
 A review of the equitable tolling cases reveals that courts have required either the employer or the government agent to "lull the plaintiff into inaction" or to "actually mislead" or "actually deceive" the plaintiff. Johnson v. United States Postal Serv., 861 F.2d 1475, 1480-81 (10th Cir.1988), cert. denied, 110 S.Ct. 54 (1989); Wilkerson v. Siegfried Ins. Agency, Inc., 683 F.2d 344, 347 (10th Cir.1982); Carlile v. South Routt School Dist. RE 3-J, 652 F.2d 981, 986 (10th Cir.1981); Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir.1979). Specifically, this court in Cottrell noted: "The notice from the EEOC advised plaintiff in unambiguous terms that his right to sue would be lost if not exercised within ninety days, and in light of this unqualified warning we cannot give force to plaintiff's assertion that he was "lulled" by the notice." 590 F.2d at 839. Indeed, Cottrell implies that even misleading statements can be cured by a subsequent unambiguous statement of the filing deadline.
 
 
 10
 This court has established a more lenient standard for allowing equitable tolling in cases involving pro se plaintiffs. See Martinez v. Orr, 738 F.2d 1107, 1111 (10th Cir.1984); Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 859 (10th Cir.1983). Yet, in both of these cases the employer or government agent provided inaccurate information in writing to the plaintiff concerning the filing deadlines. In neither of these cases did the plaintiff receive notice that he or she must file within the deadline or waive all further appeals. Compare Cottrell, 590 F.2d at 839. The evidence in these two cases satisfied the "active deception" test established in the earlier equitable tolling cases.
 
 
 11
 The present case is distinguishable from Martinez and Gonzalez-Aller Balseyro on the facts. Here, Mr. Barela was given written notice of his right to appeal each administrative ruling and was clearly apprised of the filing deadlines. Mr. Barela does claim that he was misled by the EEO counselor about certain filing dates, but this claim does not concern the issues involved in the present appeal.
 
 
 12
 Because it is the plaintiff's burden to establish reasons for equitable tolling under Byers v. Follmer Trucking Co., 763 F.2d 599, 600-01 (3d Cir.1985), and Taylor v. General Tel. Co. of the Southwest, 759 F.2d 437, 442 (5th Cir.1985), and because he has failed to establish that the notices themselves were misleading or to specify exactly how he was misled concerning the filing deadlines relevant to his claims before this court, he has failed to meet his burden. In addition, Mr. Barela has missed nearly every deadline presented by the Postal Service, the MSPB, and this court, demonstrating a clear lack of diligence in pursuing his case. In Martinez and Gonzalez-Aller Balseyro the plaintiffs missed deadlines by only a few days and were able to show they were diligently pursuing their appeals. Here, Mr. Barela filed his suit in federal court nearly three years after the filing deadline. He also missed at least three other administrative deadlines.
 
 
 13
 Mr. Barela also asserts that his mental condition from 1985 through 1988 prevented him from meeting the filing deadlines. While the record shows that he has been treated for mental instability, Mr. Barela fails to demonstrate the requisite degree of mental incapacity to invoke equitable tolling. The court in Speiser v. United States Department of Health and Human Servs., 670 F.Supp. 380 (D.D.C.1986), aff'd, 818 F.2d 95 (D.C.Cir.1987), held that
 
 
 14
 [T]he universally applied standard for determining when a person is mentally unsound for purposes of tolling civil statute [sic] of limitation is: "[The] disability is of such a nature as to show [plaintiff] is unable to ... comprehend his legal rights or liabilities." Further, impaired judgment alone is not enough to toll the statute of limitations.
 
 
 15
 Id. at 384 (citations omitted) (emphasis in original). See also Bassett v. Sterling Drug, Inc., 578 F.Supp. 1244, 1247-48 (S.D.Ohio 1984). The court in Dumas v. Agency for Child Dev.--New York City Head Start, 569 F.Supp. 831, 833-34 (S.D.N.Y.1983), held that under New York law a plaintiff must show insanity to invoke equitable tolling.
 
 
 16
 While he may have been somewhat distraught or depressed during the period of 1985 through 1988, Mr. Barela has failed to present evidence that he was insane or was incapable of comprehending his legal rights during the periods at issue here. Throughout the period in question, Mr. Barela demonstrated a clear understanding of his rights. He filed various appeals and petitioned for writs of review, albeit usually after the filing deadlines; arranged for an attorney to pursue his MSPB appeals; and filed a detailed pro se brief in this appeal. The district court did not err in finding Mr. Barela has not demonstrated the requisite mental incapacity to invoke the doctrine of equitable tolling.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3