NUMBER 13-06-463-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THE CITY OF LA JOYA, TEXAS, Appellant,


v.



NORMA OLIVAREZ, Appellee.

 


On appeal from the 206th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 This is an interlocutory appeal from the trial court's order denying a plea to the
jurisdiction filed by appellant, the City of La Joya ("the City"). (1) The issue is whether
appellee, Norma Olivarez, timely filed her complaint of employment discrimination with the
Equal Employment Opportunity Commission ("EEOC"). By two issues, the City contends
the trial court erred in (1) denying its plea to the jurisdiction and (2) admitting certain
evidence submitted by appellee. We affirm.

Background 


 Olivarez, a former City employee, sued the City and her former supervisor, Isidro
Casanova, alleging sexual discrimination and retaliation. (2) The City contends that the trial
court lacked jurisdiction because Olivarez failed to timely file her administrative claim with
the EEOC. Specifically, the City contends Olivarez failed to meet the 180-day deadline for
filing her administrative complaint with the Texas Workforce Commission because the
latest alleged incident of sexual harassment occurred on April 26, 2004 and her complaint
was not received by the EEOC until October 26, 2004--a period of 183 days. (3)

 Olivarez contends she timely filed her complaint by mailing it by overnight mail on
October 21, 2004. She argues her complaint is "deemed filed as of the date it is mailed,"
rather than the date it is received. She also argues that her cover letter to the EEOC,
which shows a "date stamp" of October 22, 2004, (4) establishes that it was received by the
EEOC on October 22, 2004, within the 180-day period. The City argues the trial court
erred in considering the cover letter because there was no evidence establishing that the
date stamp reflected the date the complaint was received by the EEOC. 

Standard of Review and Applicable Law 


 A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause
of action without regard to whether the claim asserted has merit. (5) A party may challenge
a court's subject matter jurisdiction by filing a plea to the jurisdiction. (6) The plaintiff has the
burden to allege facts affirmatively demonstrating that the trial court has subject matter
jurisdiction. (7) We take as true the facts plead in the plaintiff's petition in determining
whether those facts support jurisdiction in the trial court and we may review the entire
record to determine if there is jurisdiction. (8) Indeed, a court deciding a plea to the
jurisdiction is not required to look solely to the pleadings, but may also consider evidence,
and must do so when necessary to resolve the jurisdictional issues raised. (9) The reviewing
court, however, should confine itself to the evidence relevant to the jurisdictional issue. (10) 
We take as true all evidence favorable to the nonmovant and indulge every reasonable
inference and resolve any doubts in the nonmovant's favor. (11) If the evidence creates a fact
question regarding the jurisdictional issue, then the trial court cannot grant the plea to the
jurisdiction, and the fact question will be resolved by the fact finder. (12) If the relevant
evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however,
the trial court rules on the plea to the jurisdiction as a matter of law. (13) Whether the trial
court properly granted the plea to the jurisdiction is a pure question of law which we
examine under a de novo standard of review. (14) 

 Texas law requires that a complaint of unlawful employment practices be filed with
the EEOC or the Texas Workforce Commission (15) within 180 days after the alleged unalwful
employment practice occurred. (16) This time limit is mandatory and jurisdictional. (17)

Analysis 


 The City cites Taylor v. Gen. Tel. Co., 759 F.2d 437, 441 (5th Cir. 1985), in support
of its argument that "mailing is not filing for purposes of the 180-day limit." (18) However,
because we conclude that Olivarez's evidence raises a fact issue as to when the EEOC
received her complaint, we decline to address whether mailing a complaint constitutes
"filing" for the purpose of determining timeliness. (19)

 As noted above, in reviewing a plea to the jurisdiction, we consider evidence
relevant to the jurisdictional issue. (20) Here, Olivarez contends the cover letter of her
complaint, date-stamped October 22, 2004, establishes that the EEOC received her
complaint on the 179th day from the date of the last alleged act of discrimination. Thus,
the evidence is clearly relevant to the jurisdictional issue, and the trial court did not err in
considering it. (21) We also conclude that this evidence raises an issue of material fact
regarding whether Olivarez's complaint was timely filed. Accordingly, the trial court did not
err in denying the City's plea to the jurisdiction. (22)

 We overrule both of the City's issues and affirm the trial court's judgment.


 

 LINDA REYNA YAÑEZ,

 Justice





Memorandum opinion delivered and filed 

this the 26th day of July, 2007. 
1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006). 
2. See Tex. Labor Code Ann. §§ 21.051, 21.055 (Vernon 2006). Casanova is not a party to this
appeal. 
3. See Tex. Labor Code Ann. § 21.202 (Vernon 2006); Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d
483, 486 (Tex. 1991). 
4. The date stamp reads "2004 OCT 22 A 9:56."
5. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 
6. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 
7. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).
8. Id.
9. Bland, 34 S.W.3d at 555; see County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). 
10. Bland, 34 S.W.3d at 555.
11. Tex. Dep't of Parks and Wildlife v. Miranda , 133 S.W.3d 217, 228 (Tex. 2004). 
12. Id. at 227-28; Bland, 34 S.W.3d at 555. 
13. Miranda, 133 S.W.3d at 227-28; Bland, 34 S.W.3d at 555. 
14. Westbrook v. Penley, No. 04-0838, 2007 Tex. LEXIS 599, at **8-9 (Tex. June 29, 2007) (citing
Miranda, 133 S.W.3d at 226). 
15. In 2003, the Legislature abolished the former Texas Commission on Human Rights and transferred
its powers and duties to the newly-created Civil Rights Division of the Texas Workforce Commission. See
Tex. Labor Code Ann. § 21.0015 (Vernon 2006).
16. Tex. Labor Code Ann. § 21.202 (Vernon 2006); Specialty Retailers v. DeMoranville, 933 S.W.2d
490, 492 (Tex. 1996).
17. DeMoranville, 933 S.W.2d at 492. 
18. Taylor v. Gen. Tel. Co., 759 F.2d 437, 441 (5th Cir. 1985).
19. We note that the adopted rules of the Civil Rights Division currently provide:


For the purpose of satisfying the filing requirements of Texas Labor Code § 21.201, the
following shall apply: 


(1) For a complaint filed with CRD over which EEOC has deferred jurisdiction, timeliness of
the complaint shall be determined by the date the complaint is received by CRD.


(2) For a complaint filed with EEOC and deferred to CRD, timeliness of the complaint shall
be determined by the date on which the complaint is received by EEOC.


(3) For a complaint filed with a local commission and deferred to CRD, timeliness of the
complaint shall be determined by the date on which the complaint is received by the local
commission.


40 Tex. Admin. Code § 819.71 (2007) . However, the provisions of section 819.71 were adopted to
be effective September 27, 2005. Thus, we conclude Olivarez's complaint is governed by the rules
in effect at the time she filed her complaint. 

20. Miranda, 133 S.W.3d at 227.
21. See id.
22. See id. at 227-28.