940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Warren DILL, Plaintiff-Appellee,
v.
BERNHARDT INDUSTRIES, a North Carolina corporation,
Defendant-Appellant.
 No. 89-1271.
 United States Court of Appeals, Tenth Circuit.
 Aug. 14, 1991.
 
 Before McKAY, JOHN P. MOORE and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 Mr. Warren Dill brought this action against Bernhardt Industries, his former employer. Mr. Dill claims that he was terminated as a sales representative for Bernhardt on account of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-34 (1988). The jury returned a verdict finding that Bernhardt had violated the ADEA, but that the violation was not willful. The jury awarded no damages.
 
 
 2
 Mr. Dill moved for judgment granting front pay or reinstatement, for a partial new trial limited to damages, and for attorneys' fees and costs. Bernhardt moved for judgment on the statute of limitations or for judgment notwithstanding the verdict. The district court denied Mr. Dill's motion for a partial new trial and both of Bernhardt's motions. The district court granted Mr. Dill's motion for front pay and for attorneys' fees and costs.
 
 
 3
 Bernhardt now appeals the denial of both its motions. Additionally, Bernhardt challenges the admission of certain evidence at trial. Finally, Bernhardt claims that the court erred in awarding front pay, or that the award was excessive.
 
 I. STATUTE OF LIMITATIONS
 
 4
 The trial court's ruling on the applicability of a statute of limitations is a question of law to be reviewed de novo. Trustees of Wyoming Laborers Health and Welfare Plan v. Morgen & Oswood Constr. Co., 850 F.2d 613, 617 (10th Cir.1988). Bernhardt did not request that the statute of limitations issue be submitted to the jury. On appeal it argues only that (1) it was entitled to summary judgment as a matter of law, and (2) even if there were facts to be decided, the trial court was clearly erroneous.
 
 
 5
 In reviewing both issues, the facts and reasonable inferences to be drawn from them must be construed against Bernhardt. See Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987) (in reviewing ruling on summary judgment motion, court must view record in light most favorable to opposing party); Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) (if district court's account of evidence is plausible, appellate court may not reverse even though convinced it would have weighed evidence differently). In its order denying summary judgment the trial court set out its view of the applicable law, the facts, and the inferences to be drawn as follows:
 
 
 6
 Actions under ADEA must be filed within two years of the date the action accrues, or, if the violation is willful, within three years of the date the action accrues. 29 U.S.C. Sections 626(e) and 255(a). The cause of action accrues when the employee receives notice of termination. Delaware State College v. Ricks, 449 U.S. 250 (1980); Chardon v. Fernandez, 454 U.S. 6 (1981) (per curiam)....
 
 
 7
 Here, plaintiff was not actually terminated until January 1, 1986. He was not given formal notice of that termination until January 8, 1986. Defendant contends, however, that Mr. Dill actually received notice of termination as early as some time in the fall of 1984. Defendant presented the testimony of Mr. Alex Bernhardt, Bernhardt's president, that he instructed Mr. Lawrence Erwin to inform Mr. Dill that he would be terminated at the end of the following year. Defendant also presented the testimony of Mr. Erwin through deposition. Mr. Erwin testified that he "suggested [that Mr. Dill] begin looking for other lines as it was my opinion he would not be able to keep this territory beyond the end of 1985." He testified that he did not actually tell Mr. Dill that he was fired. Mr. Erwin's statements fall far short of the notice needed to cause an age discrimination cause of action to accrue. An equivocal statement that action may be taken in the future is not notice of termination. EEOC v. Westinghouse Elec. Corp., 725 F.2d 211, 219-20 (3d Cir.1983), cert. den., 469 U.S. 820 (1984); Verschuuren v. Equitable Life Assur. Society of U.S., 554 F.Supp. 1188, 1189 (S.D.N.Y.1983). Any action taken by Bernhardt in the fall of 1984 was far from clear, and was equivocal and tentative. This is made even more clear through letters [that] were sent to Mr. Dill by Mr. Erwin and Mr. Gregory Barrett.... These letters were sent to Mr. Dill on December 20, 1984 and January 8, 1985 respectively, and each encouraged Mr. Dill to make more sales during 1985.
 
 
 8
 Mr. Bernhardt also testified that he spoke with Mr. Dill in April, 1985, and told Mr. Dill that if he did not choose to resign at some future point, his employment would be terminated. Mr. Bernhardt sent a letter to Mr. Dill on April 25, 1985.... The letter states that Bernhardt was "willing to wait until the end of 1985 to accept your resignation if this proves what is in your own personal best interest," and that it was "wisest now for us to plan to go our separate ways." The letter did not inform Mr. Dill of conclusive termination nor did it inform Mr. Dill of when he would be forced to leave Bernhardt's employment. Again, these communications were not effective notice of termination, since they spoke in terms of actions which may have been taken in the future. Furthermore, Bernhardt sent two memorandums in December, 1985, which stated that Mr. Dill would be resigning his position later.... The court's review of the evidence at trial indicates that Bernhardt had been requesting that Mr. Dill resign in April of 1985, but did not actually terminate him until it became clear that he would not resign. Bernhardt did not actually make it clear that Mr. Dill was being terminated until January 8, 1986. Plaintiff filed his charge of discrimination with the EEOC on January 30, 1986, well within the 180-day statute of limitations of 29 U.S.C. Section 626(d)(1). Plaintiff filed this action on December 31, 1987, within the two year statute of limitations for non-willful ADEA violation of 29 U.S.C. Section 255.
 
 
 9
 Dill v. Bernhardt Ind., No. 87-F-1994, Order at 5-8 (D.Colo. Aug. 3, 1989).
 
 
 10
 We agree with the trial court's statement of the applicable law. Viewed on appeal from the proper appellate perspective, we are persuaded that the trial court's recitation of the facts supporting the plaintiff's position are supported by the record and that the inferences the court has drawn from those facts are plausible.
 
 
 11
 II. MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT
 
 
 12
 We may find error in the denial of a Motion for Judgment Notwithstanding the Verdict "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found; we must construe the evidence and inferences most favorably to the nonmoving party." Zimmerman v. First Federal Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988). Bernhardt argues that Mr. Dill presented insufficient evidence to demonstrate that the legitimate reasons articulated for Mr. Dill's termination were mere pretext for age discrimination.
 
 
 13
 Bernhardt claims that Mr. Dill was terminated because of his inability to get along with customers and declining sales. Mr. Dill showed, however, that he was replaced by a younger employee whose sales had declined more sharply than Mr. Dill's. Despite Bernhardt's justifications for their action in retaining the younger man, the finder of fact could reasonably have inferred from this evidence that Bernhardt's articulated legitimate reasons were pretextual.
 
 
 14
 Mr. Dill also presented testimony from a former employee who has been forced to retire in violation of the ADEA. Bernhardt argues that admission of this testimony was reversible error, and that without this evidence, the jury could not reasonably have found pretext. Bernhardt objected to the testimony as being irrelevant, because it occurred four years earlier under a mandatory retirement policy which was no longer being enforced. It also objected that the testimony was prejudicial and should be excluded under Fed.R.Evid. 403. However, past discriminatory practices can be relevant evidence of pretext. See Colon-Sanchez v. Marsh, 733 F.2d 78, 81 (10th Cir.), cert. denied, 474 U.S. 946 (1985). Therefore, we cannot say that the district court abused its discretion by admitting the challenged testimony. Furthermore, even without this testimony, we have already pointed out other evidence from which a jury could reasonably have inferred pretext. Therefore, the district court correctly refused to disturb the verdict of the jury.
 
 III. FRONT PAY
 
 15
 The ADEA gives the district court broad power "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter...." 29 U.S.C. Sec. 626(b) (1988). This court has held that this broad grant of power includes the power to grant front pay in lieu of reinstatement. EEOC v. Prudential Federal Sav. and Loan Ass'n, 763 F.2d 1166, 1172-73 (10th Cir.), cert. denied, 474 U.S. 946 (1985).
 
 
 16
 Bernhardt argues that the district court improperly awarded front pay to Mr. Dill, or, if the grant of front pay was proper, the amount was excessive. Bernhardt asserts that the awarding of front pay was an abuse of discretion because it is inconsistent with the jury's factual finding that Mr. Dill suffered no loss of pay up to the time of trial. As Mr. Dill points out, Bernhardt did not make this argument below. In fact, Bernhardt took the opposite position in its response to Mr. Dill's post-trial motion for reinstatement or front pay. At that stage of the proceeding, Bernhardt wished to avoid reinstatement and conceded that front pay was the appropriate remedy. Bernhardt never argued below, as it does here, that the trial court was required to deny front pay because the jury found that Mr. Dill had suffered no back pay damages. Bernhardt simply argued for a smaller award. Because Bernhardt's argument against any award of front pay is raised for the first time on appeal, we will not address it.
 
 
 17
 The trial court awarded $94,118.00 in front pay. Bernhardt argues that Mr. Dill should receive no more than $13,925.00. The amount awarded by the court reflects the difference between the salary Mr. Dill would have earned at Bernhardt and the salary he will earn at his present employment over a projected working life of five years. Bernhardt argues that the figure representing future salaries at Bernhardt was too high and the working life expectancy was too long. However, sufficient evidence was presented at trial to support the court's finding as to the proper amount of front pay, and we therefore affirm it.
 
 
 18
 The order of the district court is AFFIRMED.
 
 
 19
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.