Charles L. VERSCHUUREN, Plaintiff,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant.

No. 82 Civ. 908 (MEL).

United States District Court, S.D. New York.

Jan. 18, 1983.

Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for plaintiff; Patricia McConnell, New York City, of counsel.

Werner Weinstock, John P. Mangan, New York City, Pepper, Hamilton & Scheetz, Washington, D.C. (Walter B. Connolly, Jr., Gerald P. Norton, Washington, D.C., of counsel), Kaye, Scholer, Fierman, Hays & Handler, New York City (Fred A. Freund, New York City, of counsel), for defendant.

LASKER, District Judge.

This action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1976) is consolidated with *Burns v. Equitable Life Assurance Society of the United States,* 79 Civ. 4726. The statutory provision at issue in the instant motion has been considered at length in rulings in the *Burns* action, familiarity with which is assumed. *See* 530 F.Supp. 768 (S.D.N.Y.1982), *aff'd,* 696 F.2d 21 (2d Cir. 1982).

The Equitable Life Assurance Society (Equitable) moves pursuant to Fed.R.

Civ.Pr. 56 for summary judgment on the grounds that Charles Verschuuren's right to maintain his action was terminated by the Equal Employment Opportunity Commission's (EEOC) commencement of an action on his behalf. The EEOC complaint was filed September 1, 1981, and alleges that "[s]ince August 1, 1978, and continuously up until the present time, [September 1] Defendant Company has willfully engaged in unlawful employment practices in violation of Section 4(a)(1) of the ADEA ..." Verschuuren contends that his right to sue was not cut off by the filing of the EEOC complaint because he was dismissed from employment by Equitable after September 1, 1981 (the date on which the EEOC filed its complaint), and that, accordingly, the EEOC complaint does not cover him.

Equitable replies that although it continued to employ Verschuuren after September 1, 1981, it had given him firm notice on June 8, 1981 that he was to be terminated. Equitable argues that the date on which the notice was given is the controlling date for determining whether or not plaintiff's complaint falls within the EEOC's complaint.

Equitable relies primarily on *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), in which the Supreme Court considered when an action accrues for the purposes of filing limitation periods of Title VII of the Civil Rights Act of 1964. In *Ricks,* the plaintiff, a college professor, was denied tenure but granted continued employment at the college for one year pursuant to a college policy not to discharge immediately a junior faculty member who failed to receive tenure. The Court held that the action accrued on the date the tenure decision was made and communicated to the plaintiff, not at the time his employment ultimately ceased. Equitable argues that, by analogy, to determine whether plaintiff's termination in this case occurred within the time period covered by the EEOC complaint, the discharge should be deemed to have taken place June 8, 1981 when Verschuuren received the notice, not September 1, 1981 when his employment was actually terminated.

Verschuuren asserts that the analogy to *Ricks* is inapt because the considerations involved in interpreting a statute of limitations are different than those relating to the interpretation of pleadings. He argues further that, even applying the *Ricks* standards, the June date would not be considered the date on which the action accrued because the notice sent to him in June was not an unequivocal notice of dismissal.

The issues which arise in the interpretation of a statute of limitations are different from those that arise in interpreting a complaint. A statute of limitations constitutes a legislative determination. As the Court stated in *Ricks,* the statute there reflected Congress' "value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Ricks, supra,* at 260, 101 S.Ct. at 505, *quoting Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 463–464, 95 S.Ct. 1716, 1721–1722, 44 L.Ed.2d 295 (1975). By contrast, it is the EEOC, not Congress, which framed the complaint at issue here and specified the time period during which the violation it wished to complain of occurred.

Accordingly, *Ricks* is not controlling on the issue presented by the pending motion. However, even applying the *Ricks* ruling, the present record does not support defendant's contention that the allegedly discriminatory act clearly occurred in June.

The critical fact is the content of the letter of June 8, 1981, which defendant deems a termination letter. The letter, set out in the margin,[1] informs plaintiff that the job he currently occupies will be abolished as of September 8, 1981 and that if he has not been placed in a position elsewhere in the company, his employment "will be" terminated. Moreover, it is significant that the letter goes on to state, "Please be assured that every reasonable effort will be made to place you in a position elsewhere in the Equitable between now and September 8, 1981."

The letter is, at best, equivocal. It does not assert that plaintiff will be dismissed; it states only that he will be dismissed unless another position for him becomes available, and that every reasonable effort will be made to find him another position. Accordingly, the letter is of an entirely different character than the notice in *Ricks,* as to which the Supreme Court stated that there was no suggestion that it "was in any respect tentative." *Ricks, supra,* 449 U.S. at 261, 101 S.Ct. at 506. This is true also of the notice in *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), a Supreme Court case following *Ricks,* in which the Court stated that "respondents were notified . . . that a *final* decision had been made to terminate their appointments." (Emphasis added). *See also Pfister v. Allied Corp.,* 539 F.Supp. 224, 227 (S.D.N.Y.1982) ("the statute of limitations in this [ADEA] action began to run on the date the plaintiff received written notice of the *final* termination decision.") (Emphasis added).

Finally, Equitable argues that even if Verschuuren did rely on their statement that they would "make every reasonable effort" to place him in another position in the company, that reliance was "misplaced,"

---

1. "Dear Mr. Verschuuren:

I regret that it is necessary to inform you that your job is to be abolished as of September 8, 1981. If you have not been placed in a position elsewhere in the Equitable by that date, your employment will be terminated.

Please be assured that every reasonable effort will be made to place you in a position elsewhere in the Equitable between now and September 8, 1981. Beginning immediately the services of Mainstreat Access, Inc., an experienced career counseling firm, will be available to you.

During this period, you will be assisted by Ms. Anne Raftery. As questions occur to you or when you need additional information or assistance, contact Ms. Raftery. You will receive a kit of related material including important instructions, explanations and policy statements on benefits, severance leave, etc. Please review it all carefully for subsequent discussion with your advisor and counselors.

Sincerely,

/s/ William J. Moran

William J. Moran

Vice President"

(Equitable's Reply Memorandum at 5), because prior to that time, his resume had already been forwarded to all of the company's personnel officers, none of whom had shown an interest in it. In addition, at oral argument Equitable's counsel stated that nine or ten months had been spent trying to find Verschuuren another position within the company prior to the sending of the June 8th letter, and that, because Verschuuren was a personnel officer himself, he "knew where he stood."

Apparently, the thrust of Equitable's argument is that even though the notice given to Verschuuren states that the company will make every effort to place him, they are free to show that, because past attempts to place him had been fruitless, he must have known that the promise could not be fulfilled. The argument is unpersuasive.

The question presented by the motion is at what point Equitable notified plaintiff that he was being dismissed. The letter of June 8th, on which Equitable relies, is not a letter of dismissal. It advises Verschuuren that he may be dismissed, but only if another position cannot be found for him, and it assures him that efforts will be made to find another position for him.

Since on a reasonable construction of the letter, it did not notify him of dismissal, the motion for summary judgment is denied.[2]

It is so ordered.

---

**2.** Defendant also moves to dismiss plaintiff's claim concerning his 1980 reassignment. Plaintiff concedes that, if he is permitted to maintain this action, the claim concerning the reassignment is barred for failure to file a timely charge. (Plaintiff's Memorandum of Law at 9). Accordingly, that claim is dismissed.