RONALD B. WHEATLEY vs. AMERICAN TELEPHONE &
TELEGRAPH COMPANY & another.[1]

Suffolk. February 7, 1994. - July 19, 1994.

Present: WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Summary judgment. *Anti-Discrimination Law*, Age, Termination of employment. *Limitations, Statute of.*

Discussion of Federal case law construing the Federal anti-discrimination statutes to which this court looks in interpreting G. L. c. 151B. [397-398]

In an action alleging employment discrimination by reason of age in violation of G. L. c. 151B, § 4, the plaintiff's affidavit and accompanying materials demonstrated a genuine issue of material fact whether the plaintiff received unequivocal notice of his termination within the six months prior to the filing of his complaint, such as would trigger the commencement of the limitations period for filing the claim. [397-398]

In an age discrimination in employment action, the plaintiff's affidavit and accompanying materials demonstrated a genuine issue of material fact whether the plaintiff knew or should have known his duties would be reassigned to younger employees so as to start the running of the limitations period for filing his claim. [398-400]

CIVIL ACTION commenced in the Superior Court Department on August 16, 1991.

The case was heard by *Regina L. Quinlan*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Frank J. Teague* for the plaintiff.

*Thomas E. Shirley* for the defendants.

ABRAMS, J. The plaintiff, Ronald B. Wheatley, filed a complaint with the Massachusetts Commission Against Dis-

[1] Marc Rosen.

crimination (MCAD) alleging that the defendants, American Telephone and Telegraph Company (AT&T) and Marc Rosen, terminated him because of his age in violation of G. L. c. 151B, § 4 (1992 ed.).[2] The plaintiff subsequently withdrew the complaint and commenced this age discrimination action in the Superior Court pursuant to G. L. c. 151B, § 9 (1992 ed.).[3] After concluding that the plaintiff failed to comply with the period of limitations set forth in G. L. c. 151B, § 5,[4] the Superior Court judge allowed the defendants' motion for summary judgment. The plaintiff appealed, contending that the Superior Court judge incorrectly determined that the period of limitations began to run, at the latest, on the date on which he received written notice that he would soon be terminated and that, even if the limitations period commenced on the notification date, AT&T's assurance that it would assist him in finding alternative employment within the company and its failure to conspicuously post notice of employee rights under G. L. c. 151B, § 7 (1992 ed.),[5] tolled

---

[2]General Laws c. 151B, § 4 (1B) (1992 ed.), provides, in part, that it shall be an unlawful practice "[f]or an employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification."

[3]General Laws c. 151B, § 9 (1992 ed.), provides, in part, that "[a]ny person claiming to be aggrieved by a practice made unlawful under this chapter or under [c. 151C], or by any other unlawful practice within the jurisdiction of the commission, may, at the expiration of ninety days after the filing of a complaint with the commission, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both in the superior court . . . ."

[4]General Laws c. 151B, § 5 (1992 ed.), provides, in part, that "[a]ny complaint filed pursuant to this section must be so filed within six months after the alleged act of discrimination."

[5]General Laws c. 151B, § 7 (1992 ed.), provides that "[e]very employer . . . subject to this chapter, shall post in a conspicuous place or places on his premises a notice to be prepared or approved by the commission, which shall set forth excerpts of this chapter and such other relevant information which the commission deems necessary to explain the chapter."

the limitations period. We transferred the appeal to this court on our own motion. We reverse.

1. *The facts.* Viewed in the light most favorable to the plaintiff, see *Alioto* v. *Marnell*, 402 Mass. 36, 37 (1988), the materials submitted on the summary judgment motion established the following facts. The plaintiff served as a regional attorney for AT&T from January, 1984, through December 30, 1990. Marc Rosen was the plaintiff's immediate supervisor. The plaintiff's primary responsibilities included reviewing and analyzing legislation introduced in the States of New York, Rhode Island, and Connecticut.

On July 13, 1990, Rosen informed the plaintiff that his position would be eliminated. Rosen further informed the plaintiff that he would have a ninety-day "transition period" in which to find another position within the company and that company personnel would assist him in this effort.[6] On September 10, 1990, the plaintiff received a letter from Richard Romano, Rosen's supervisor, advising him that his position had been eliminated and that he would be terminated on November 30, 1990, if he were unable to secure another position within AT&T by that date. On December 30, 1990, the plaintiff was officially taken off the AT&T payroll. On April 24, 1991, the plaintiff filed a charge of age

---

[6]In a letter sent to the director of investigations for the Massachusetts Commission Against Discrimination on May 23, 1991, an AT&T staff attorney stated: "On July 13, 1990, Rosen . . . met with [the plaintiff] and informed him that [his] position . . . was being eliminated, and that he was being declared surplus. [The plaintiff] also was advised . . . that he would have ninety (90) days to locate another AT&T position, at the end of which time he would be separated from the payroll, and that Rosen and others would provide reassignment assistance during the transition period. . . . On July 30, 1990, Victoria A. Knudson, one of the . . . staff managers responsible for assisting in the implementation of reductions-in-force, contacted [the plaintiff] about providing assistance in locating other positions in AT&T, and was advised by Wheatley that he was not mobile outside of Boston . . . . On September 11, 1990, Wheatley advised Knudson that he had received the Company's force management plan package . . . and had no questions. . . . On November 6, 1990, Wheatley advised Knudson that he was willing to broaden his search for a position."

discrimination against AT&T with the MCAD pursuant to G. L. c. 151B.

2. *The summary judgment standard.* Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). However, "granting summary judgment is error when the party opposing the motion has alleged facts relating to the transaction on which suit has been brought which raise issues entitling him to a trial." *Community Nat'l Bank* v. *Dawes*, 369 Mass. 550, 556 (1976). See also *Mathers* v. *Midland-Ross Corp.*, 403 Mass. 688, 690 (1989); *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied, 459 U.S. 970 (1982). "[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in Mass. R. Civ. P. 56 (c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case. . . . That showing having been made, the plaintiff [must] respond by 'set[ting] forth specific facts showing that there is a genuine issue for trial.' " *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991), quoting Mass. R. Civ. P. 56 (e).

3. *AT&T's motion for summary judgment.* The defendant AT&T contends that we should look to Federal law to determine the correctness of the judge's ruling on the motion for summary judgment. It is our practice to apply Federal case law construing the Federal anti-discrimination statutes in interpreting G. L. c. 151B. See, e.g., *Wheelock College* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 130, 135-139 (1976). We turn therefore to the Federal cases.

Some Federal courts treat a "discharge" notice that offers the possibility of other employment within the company as an equivocal termination notice which does not trigger the commencement of the limitations period for filing an employ-

ment discrimination claim.[7] See *McConnell* v. *General Tel. Co. of Cal.*, 814 F.2d 1311, 1317 (9th Cir. 1987), cert. denied, 484 U.S. 1059 (1988). See also *Verschuuren* v. *Equitable Life Assurance Soc'y of U.S.*, 554 F. Supp. 1188, 1190 (S.D.N.Y. 1983). We agree with the reasoning of these cases. "The statutory period for complaining of a discriminatory termination does not begin to run until the employee has sufficient notice of that specific act." *McConnell, supra* at 1317. Because AT&T held out the possibility of other employment within the company, the letter of September 10, 1990, did not trigger the six-month statute of limitations. The plaintiff's affidavit and the materials accompanying it establish a genuine issue whether the plaintiff received unequivocal notice of his termination within six months of the filing of his complaint. On this basis, the trial judge should have denied AT&T's motion for summary judgment.

Further, in age-based discriminatory discharge claims, some Federal courts have ruled that the limitations period does not start to run until the employee knows or should know that he or she has been or will be replaced by a person outside the protected age group. See *Sturniolo* v. *Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1025-1026 (11th Cir. 1994); *Rhodes* v. *Guiberson Oil Tools Div.*, 927 F.2d 876, 880-882 (5th Cir.), cert. denied, 502 U.S. 868 (1991); *Meyer* v. *Riegel Prods. Corp.*, 720 F.2d 303, 307-309 (3d Cir. 1983), cert. dismissed, 465 U.S. 1091 (1984). The principle announced in these Federal cases is consistent with our own holdings. See *Hendrickson* v. *Sears*, 365 Mass. 83, 89 (1974) ("a cause of action accrues on the happening of an event likely to put the plaintiff on notice"). See also *Puritan Medical Center, Inc.* v. *Cashman*, 413 Mass. 167, 175 (1992); *Murphy* v. *Smith*, 411 Mass. 133, 136 (1991); *Riley* v. *Presnell*, 409 Mass. 239, 251 (1991) (O'Connor, J., dissenting).

---

[7]Both in its July 13, 1990, conversation with the plaintiff and in its September 10, 1990, letter to the plaintiff, AT&T offered the plaintiff the possibility of other employment within the company.

In his affidavit, the plaintiff alleges that he was never informed by AT&T that, following his termination, his duties would be reassigned to younger employees. In a memorandum dated January 9, 1991, ten days after the plaintiff's discharge, an AT&T official stated that "[a] major portion of the work and responsibility [previously performed by the plaintiff had been] transferred to [two younger employees]." The plaintiff's affidavit and the materials accompanying it establish a genuine issue whether the plaintiff knew or should have known that he had been or would be replaced by persons outside the protected age group within six months of the filing of his complaint. On this basis as well, the trial judge should have denied AT&T's motion for summary judgment.[8]

AT&T relies on *Delaware State College* v. *Ricks*, 449 U.S. 250 (1980), as support for its claim that the plaintiff's complaint is untimely. In *Ricks, supra* at 258-259, the United States Supreme Court held that the period of limitations for bringing a claim pursuant to Title VII of the Civil Rights Act of 1964 commences to run on the date in which the employee is notified of the unlawful employment decision, not on the date in which termination actually occurs. However, in *Ricks*, the termination notice (denial of tenure) was explicit and final. Further, the notice (denial of tenure) was the only claim of discrimination. The Supreme Court noted that the employer's letter to Ricks provided "explicit notice that his employment would end upon [the 'terminal' contract's] expiration." *Id.* at 258. The Supreme Court con-

---

[8]We note that *McConnell* v. *General Tel. Co. of Cal.*, 814 F.2d 1311, 1317 (9th Cir. 1987), cert. denied, 484 U.S. 1059 (1988), also treats a "termination" notice that offers the possibility of other employment within the company as tolling the limitation period. See notes 6 and 7, *supra.* Because we conclude that the trial judge erred in allowing AT&T's motion for summary judgment, we need not discuss the issue of tolling. We comment, however, that a reasonable person who has been informed that his or her employment would be terminated on a specified date if he or she did not obtain another position within the organization by that date might not file an employment discrimination claim during this "transition period" because "[t]he filing of such a charge may prejudice any pending reconsideration of the [termination] decision." *Delaware State College* v. *Ricks*, 449 U.S. 250, 266 n.2 (1980) (Stevens, J., dissenting).

cluded that "[w]here, as here, the only challenged employ-
ment practice occurs before the termination date, the limita-
tions period necessarily commences to run before that date."
*Id.* at 259. Thus, on its facts, *Ricks, supra,* is inapplicable in
this case.

We conclude that the Superior Court judge erred in al-
lowing the defendants' motion for summary judgment and
we remand this case to the Superior Court for further pro-
ceedings consistent with this opinion.[9]

*So ordered.*

---

[9]Because we conclude that the trial judge erred in allowing AT&T's
motion for summary judgment, we need not reach or decide the issue
whether AT&T's failure conspicuously to post notice of employee rights
under G. L. c. 151B, § 7 (1992 ed.), tolled the limitations period. How-
ever, with respect to AT&T's argument that we should presume that the
plaintiff knew his rights under G. L. c. 151B because he was a lawyer
who monitored changes in the New York counterpart to G. L. c. 151B,
we note that "[t]he issue of a party's . . . knowledge . . . often cannot be
resolved adequately from a consideration of the limited materials which
accompany a summary judgment motion." *Quincy Mut. Fire Ins. Co.* v.
*Abernathy,* 393 Mass. 81, 86 (1984). See *Noyes* v. *Quincy Mut. Fire Ins.
Co.,* 7 Mass. App. Ct. 723, 725-727 (1979).