USCA1 Opinion

 

 November 1, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1060  CHRISTOPHER TURNER, Plaintiff, Appellant, v. MCCARTHY PAYNE, ET AL., Defendants, Appellees. ____________________ ERRATA SHEET The opinion of this court issued on October 31, 1995 is amended as follows: On page 3, line 5 from bottom, delete "Aside from the fact that". October 31, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1060  CHRISTOPHER TURNER, Plaintiff, Appellant, v. MCCARTHY PAYNE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael Ponsor, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Christopher Turner on brief pro se. __________________ Scott Harshbarger, Attorney General, and William J. Meade, __________________ __________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. Christopher Turner, a Massachusetts ___________ prisoner, appeals pro se the dismissal of his complaint under 42 U.S.C. 1983. We affirm. Turner's complaint was filed on February 28, 1994. Named as defendants were (1) two Assistant District Attorneys who had prosecuted charges against Turner stemming from an arrest in June 1990 while Turner was on parole, (2) three Massachusetts parole officers who later brought him in on a parole violation warrant related to that arrest, and (3) the Chairperson of the Massachusetts Parole Board. The charges underlying the June 1990 arrest were dismissed with prejudice on September 19, 1990. The essence of the complaint's allegations is that use of those dismissed charges resulted in Turner's parole revocation and deprived him of due process of law in violation of the Fourteenth Amendment. The district court found that the lawsuit was filed beyond the statute of limitations and was time-barred. The applicable statute of limitations for 1983 actions arising in Massachusetts requires that such claims be brought within three years. Street v. Vose, 936 F.2d 38, 39 (1st Cir. ______ ____ 1991); Mass. Gen. L. ch. 260, 2A. Turner does not dispute that three years is the correct limitations period. Rather, Turner argues that, for various reasons, the applicable period in which to sue should be suspended.  -3- First, Turner claims that his status as a prisoner prevented a timely filing of his complaint. However, the Massachusetts tolling statute, Mass. Gen. L. ch. 260, 7, deleted imprisonment as a tolling condition in 1987.1 Id. ___ at 40-41 & n.4. In addition, assuming that Turner's claim accrued between June 14, 1990, when he was arrested, and September 19, 1990, when those charges were dismissed, Turner has not been continuously incarcerated since then. Turner's filings indicate that after the charges were dropped in September 1990, he was released on parole in December 1990, and remained on supervised release until September 1991, when his parole was revoked. Second, Turner contends that he was unaware of the pertinent limitations period because of the allegedly inadequate law library and legal assistance available at the Disciplinary Department Unit at M.C.I. Cedar Junction, the restricted unit where he was confined for over two years. Turner appears to claim that such conditions of confinement were a legal disability sufficient to toll the running of the three year limitations period. While equitable tolling has  ____________________ 1. To the extent that Turner contends that the limitations period should be tolled under Mass. Gen. L. ch. 260, 7 because of mental incompetence, that claim was not before the district court and no basis for such a claim appears in the record. In the same vein, Turner's reliance on Wheatley v. ________ AT & T Co., 418 Mass. 394, 636 N.E. 2d 265 (1994), is ____________ misplaced. Wheatley held that an equivocal employment ________ termination notice did not trigger the running of the statute of limitations.  -4- been applied in 1983 cases, see, e.g., Lown v. Brimeyer, ___ ____ ____ ________ 956 F.2d 780, 782 (8th Cir.), cert. denied, 113 S. Ct. 176 _____ ______ (1992); Smith v. Chicago Heights, 951 F.2d 834, 839 (7th Cir. _____ _______________ 1992), the application of the doctrine is inappropriate here. Turner states that after his return to prison he consulted with two attorneys, and, moreover, does not allege that his access to the prison law library was denied or restricted at anytime or that it did not contain the basic tools for legal research. See Wilson v. Geisen, 956 F.2d 738, 742 (7th Cir. ___ ______ ______ 1992). In short, Turner failed to show that despite his diligence, he could not obtain the information needed to file his complaint on time. See Cada v. Baxter Healthcare Corp., ___ ____ _______________________ 920 F.2d 446, 451-52 (7th Cir. 1990), cert. denied, 501 U.S. _____ ______ 1261 (1991). Since Turner's claims--based on events that occurred in 1990--accrued more than three years prior to the filing of this complaint in February 1994, they were properly dismissed by the district court as time-barred. Accordingly, the judgment of the district court is affirmed. The defendants' motion to dismiss the appeal as ________ untimely is denied as moot. ______ -5-