Filed 11/13/13  Clark v. County of LA Dept. of Health CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WANDA E. CLARK, | B242044 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC060246) |
| v. | |
| COUNTY OF LOS ANGELES DEPARTMENT OF HEALTH SERVICES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Margaret M. Bernal, Judge.  Reversed with directions.

Jack A. Fleischli for Plaintiff and Appellant.

Martin & Martin, Areva D. Martin and Eileen Spadoni for Defendant and Respondent.

## I.  INTRODUCTION

Plaintiff, Wanda E. Clark, appeals from an order sustaining a demurrer of defendant, Los Angeles County.  Plaintiff alleges defendant fired her in violation of the Fair Employment and Housing Act based on her disability.  Plaintiff's first amended complaint was sustained without leave to amend solely on statute of limitations grounds.  Plaintiff contends she is entitled to the benefit of both equitable and legal tolling principles and should have received leave to amend.  We reverse the demurrer dismissal.

## II. BACKGROUND

### A.  Plaintiff's Original And First Amended Complaints

Plaintiff alleges the following.  Defendant employed plaintiff as a program analyst in the probation department beginning on March 22, 2006.  Plaintiff requested a six-week medical leave of absence from October 7 through November 19, 2009.  Plaintiff requested, and defendant approved, an additional six-week period commencing November 20, 2009, through January 3, 2010.  Defendant refused to pay plaintiff for the period of November 19, 2009, through January 3, 2010.

Defendant conducted its own assessment of the extent of plaintiff's disability.  Defendant determined plaintiff failed to provide medical documentation indicating to what extent her medical condition prevented her from performing her normal job duties.

On July 21, 2010, plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("the department").  Plaintiff's administrative complaint alleged:  discrimination by defendant from October 12, 2009, through January 3, 2010; she had been subject to harassment and disparate treatment because of her disability, which included depression, acute anxiety, and panic attacks; and defendant violated the Fair Employment and Housing Act.  On July 23, 2010, the department issued to plaintiff a notice of case closure and right-to-sue letter under the Fair Employment and

2

Housing Act. The department's letter informed plaintiff if she wanted to pursue a federal claim, she should file an administrative complaint with the federal Equal Employment Opportunity Commission ("the commission"). Plaintiff was informed she had 30 days to file her administrative complaint with the commission from receipt of the department's letter. The letter was sent to Dennis A. Tafoya, defendant's Equal Employment Opportunity Director.

On August 20, 2010, plaintiff filed an administrative complaint with the commission alleging disability discrimination by defendant from October 12, 2009, through January 3, 2010. Plaintiff alleged a violation of the Americans with Disabilities Act. On August 27, 2010, plaintiff received a second letter from the department also addressed to Mr. Tafoya. The letter advised plaintiff her case was referred to the department by the commission. The letter informed plaintiff the federal commission, not the department, would process her administrative complaint. The letter also served as plaintiff's right-to-sue notice for alleged violation of the Fair Employment and Housing Act. Under Government Code[1] section 12965, subdivision (b), plaintiff was advised she may file a lawsuit within one year from the date of the notice. The letter informed plaintiff pursuant to section 12965, subdivision (d)(1) the one-year period would be tolled pending the federal commission's investigation.

On September 28, 2011, the federal commission issued a letter, which plaintiff received on October 3, 2011. The federal commission informed plaintiff the investigation was concluded and decided to dismiss plaintiff's administrative complaint. The letter informed plaintiff of her right to pursue further legal action by filing a lawsuit in the district within 90 days of receiving the letter.

On December 30, 2011, plaintiff filed her complaint in superior court. On January 3, 2012, plaintiff filed her first amended complaint. Plaintiff alleges 13 causes of action, including: age discrimination under the Age Discrimination in Employment Act; genetic information discrimination under the Genetic Information Non-Discrimination

---

[1] All future statutory references are to the Government Code.

3

Act; discrimination on the basis of disability under the Americans with Disabilities Act; mental disability harassment under the Fair Employment and Housing Act; prohibited medical examinations and inquiries under the Fair Employment and Housing Act; employment benefits discrimination under the Fair Employment and Housing Act; age discrimination in an employee benefit plan under the Age Discrimination in Employment Act; aiding and abetting discrimination in employment under the Fair Employment and Housing Act; failure to prevent discrimination and harassment under the Fair Employment and Housing Act; failure to accommodate disability under the Fair Employment and Housing Act; and failure to engage in an interactive process under the Fair Employment and Housing Act. As will be noted, plaintiff has lodged a second amended complaint which narrows the scope of her claims.

## B. Demurrer, Opposition And Reply

On March 23, 2012, defendant filed a demurrer and motion to strike plaintiff's first amended complaint. Defendant contended plaintiff failed to exhaust administrative remedies for her state law claims of: age discrimination; medical inquiry discrimination; aiding and abetting harassment and discrimination; failure to prevent discrimination; failure to reasonably accommodate; and failure to engage in the interactive process. Defendant argued plaintiff's federal claims for age and genetic information discrimination were not exhausted. Defendant also contended plaintiff failed to state a claim as to her Americans with Disabilities Act claim. Defendant argued plaintiff's Fair Employment and Housing Act claims are barred by the section 12965, subdivision (d)(1)(C) statute of limitations. Defendant asserted the complaint was not filed within one year of the department's July 23, 2010 right-to-sue letter.

In her opposition to defendant's demurrer, plaintiff argued the filing deadline for her Fair Employment and Housing Act claims were tolled under section 12965, subdivision (d)(1). Plaintiff argued the department's second letter informed her the filing period was tolled pending the commission's investigation. Plaintiff indicated her intent

to abandon all claims not arising from the Fair Employment and Housing Act. Plaintiff submitted a proposed second amended complaint with her opposition which reduced her Fair Employment Housing Act claims to three.

Defendant's reply argued the first amended complaint indicated: plaintiff's administrative complaint filed with the department was not concurrently filed with the commission; the state department did not defer investigation to the federal commission; the department issued the right-to-sue notice prior to plaintiff filing her administrative complaint with the commission. Defendant asserted plaintiff was not entitled to equitable tolling under section 12965, subdivision (d).

## C. Trial Court's Order

On April 18, 2012, the hearing on the demurrer and motion to strike was held. Plaintiff in propria persona argued: dismissal would be an unfair result; the requirements under section 12965, subdivision (d)(1), governing statutory tolling for filing of lawsuits after exhaustion of administrative remedies had been met by the department's second letter; and equitable tolling principles should apply.

Following argument, the trial court sustained defendant's demurrer without leave to amend. The trial court concluded plaintiff did not concurrently file her administrative complaints with the department and the commission. The trial court ruled plaintiff's administrative complaints were not concurrently filed and the section 12965, subdivision (d)(1)(C) statute of limitations exception did not apply. Leave to amend was denied because the facts as alleged were not susceptible to amendment. Plaintiff subsequently appealed.

## III. DISCUSSION

### A. Standard Of Review

When reviewing a demurrer we accept as true the well-pleaded allegations in the operative complaint. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 320.) The demurrer is treated as admitting all material facts properly pleaded and judicially noticeable matters, but not contentions, deductions, or conclusions of fact or law. (*Evans v. City of Berkeley*, *supra*, 38 Cal.4th at p. 6; *Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) We review the trial court's ruling independently. (*McCall v. PacificCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415; *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1358.)

### B. Plaintiff's Contentions

Plaintiff contends she is entitled to tolling of the statute of limitations. Plaintiff argues the statutory requirement of concurrent filing of administrative complaints with the department and the commission did not mean simultaneous. Plaintiff also asserts equitable tolling was not limited to the circumstances of section 12965, subdivision (d)(1). We disagree as to plaintiff's statutory tolling arguments. But we agree she may rely on equitable tolling principles.

### C. Plaintiff Is Not Entitled To Statutory Tolling

Pursuant to section 12965, subdivision (b), discrimination claims have a filing deadline of one year from the date of the right-to-sue notice. Section 12965, subdivision (d)(1) provides for statutory tolling: "Notwithstanding subdivision (b), the one-year statute of limitations . . . shall be tolled when all the following requirements have been

6

met:  [¶]  (A)  A charge of discrimination or harassment is timely filed concurrently with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing.  [¶]  (B)  The investigation of the charge is deferred by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission.  [¶]  (C)  A right-to-sue notice is issued to the person claiming to be aggrieved upon deferral of the charge by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission."

Our Supreme Court explained the principles of statutory analysis:  "'[I]t is well settled that we must look first to the words of the statute, "because they generally provide the most reliable indicator of legislative intent."  [Citation.]  If the statutory language is clear and unambiguous our inquiry ends.  "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs."  [Citations.]  In reading statutes, we are mindful that words are to be given their plain and commonsense meaning.  [Citation.]'  ([*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103].)"  (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1394; *Hall v. Goodwill Industries of Southern Cal.* (2011) 193 Cal.App.4th 718, 724.)  Further, implied repeals of well-established legal principles are disfavored.  (*Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 526; *California Assn. of Health Facilities v. Department of Health Services* (1997) 16 Cal.4th 284, 297.)

Plaintiff argues "concurrently" does not mean simultaneously filed but rather means substantially identical factual content.  Section 12965, subdivision (d)(3) provides: "This subdivision is intended to codify the holding in *Downs v. Department of Water and Power of the City of Los Angeles* (1997) 58 Cal.App.4th 1093 [*Downs*]."  (Gov. Code § 12965, subd. (d)(3).)  In *Downs*, the plaintiff filed a racial discrimination complaint for violation of Title VII of the Civil Rights Act of 1964 with the commission on March 15, 1993.  (*Downs*, *supra*, 58 Cal.App.4th at p. 1097.)  Because the department and the commission had a worksharing agreement, the commission automatically referred the administrative complaint to the department on the same day.  (*Ibid*.)  Under the worksharing agreement, the federal department processed the plaintiff's administrative

7

complaint. The plaintiff received that same day a right-to-sue notice from the department, explaining the commission was responsible for processing the complaint. (*Id.* at pp. 1097-1098.) The department explained it was closing its case on the basis of the commission's handling of it. (*Id.* at p. 1098.)

The plaintiff received a letter from the commission on September 29, 1995. (*Downs*, *supra*, 58 Cal.App.4th at p. 1098.) The commission had concluded its investigation and was unable to find a violation of federal statutes. (*Ibid.*) The commission notified the plaintiff of his right to sue within 90 days from the date of receipt of the notice. (*Ibid.*) On December 28, 1995, the plaintiff filed a complaint in state court against the defendants for violation of the Fair Employment and Housing Act. (*Ibid.*) The defendant demurred to the complaint on the grounds that the statute of limitations had expired. (*Ibid.*) The trial court sustained the demurrer without leave to amend. (*Ibid.*)

We reversed the judgment. (*Downs*, *supra*, 58 Cal.App.4th at p. 1103.) We held the plaintiff was entitled to equitable tolling under the following circumstances: "When a charge of discrimination or harassment is timely filed concurrently with the [commission] and the [department], the investigation of the charge is deferred by the [department] to the [commission] under a work-sharing agreement, and the [department] issues a right-to-sue letter upon deferral, then the one-year period to bring a [Fair Employment and Housing Act] action is equitably tolled during the pendency of the [commission] investigation until a right-to-sue letter from the [commission] is received." (*Id.* at p. 1102.)

Because section 12965, subdivision (d)(3), explicitly adopts the holding of *Downs*, "filed concurrently" means filed the same day with both the department and the commission. Plaintiff filed her administrative complaint with the department on July 21, 2010, and with the commission on August 20, 2010. There is no allegation or judicially noticeable evidence the department automatically referred the complaint or deferred investigation of the charges to the commission on July 21, 2010.

8

Plaintiff contends filing an administrative complaint with the department constitutes simultaneous filing with the commission, regardless of whether actual filing occurred. Plaintiff relies upon *Paige v. State of California* (9th Cir. 1996) 102 F.3d 1035, 1041, and *McConnell v. General Telephone Co. of Cal.* (9th Cir. 1987) 814 F.2d 1311, 1315. The *Paige* and *McConnell* Ninth Circuit panels ruled the plaintiff's filing with the department of the administrative complaint was deemed a constructive filing with the commission. (*Paige v. State of California*, *supra*, 102 F.3d at p. 1041; *McConnell v. General Telephone Co. of Cal.*, *supra*, 814 F.2d at p. 1315.) These decisions are unpersuasive. First, federal case law is not controlling of California's interpretation of the Fair Employment and Housing Act. (*Flannery v. Cal. Highway Patrol* (1998) 61 Cal.App.4th 629, 643; *Chapman v. Enos* (2004) 116 Cal.App.4th 920, 929, fn. 8.) Second, these cases do not purport to interpret equitable tolling principles under section 12965, subdivision (d)(1). Plaintiff is not entitled to statutory tolling under section 12965, subdivision (d)(1).

## B. Equitable Tolling

Plaintiff argues she should receive the benefit of equitable tolling. She argues equitable tolling in state discrimination litigation is not limited to the circumstances in the section 12965, subdivision (d)(1). We agree with plaintiff that equitable tolling principles remain available notwithstanding the language in section 12965, subdivision (d).

Our Supreme Court has found equitable tolling applies in the context of section 12960, the statute of limitations for filing an administrative complaint with the department. (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 107-108 ("*McDonald*"); *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 911.) Section 12960, subdivision (d), contains four explicit circumstances by which the administrative process for Fair Employment and Housing Act claims are tolled. (Gov. Code § 12960, subd. (d)(1)-(4); *McDonald*, *supra*, 45 Cal.4th at pp. 106-107.) Our

9

Supreme Court held there was no basis to limit the application of tolling to the four enumerated circumstances. (*McDonald*, *supra*, 45 Cal.4th at p. 107.) First, there was no express limitation for any tolling bases for section 12960, subdivision (d) because the list was not exhaustive. (*Ibid*.) Our Supreme Court held: "[W]e have implicitly assumed that the Legislature's authority to declare tolling bases . . . and the courts' ability to do likewise may coexist in the absence of an explicit legislative directive that they may not [citation]. . . ." (*Ibid*.) Our Supreme Court further held: "Second, nothing in the text of the [Fair Employment and Housing Act] suggests an implicit legislative intent to preclude equitable tolling. . . . [T]he limitations period here (one year) is quite brief. It is thus typical of the short limitations periods to which we and the Courts of Appeal have consistently extended equitable tolling principles. [Fn. omitted.]" (*Ibid*.) Our Supreme Court also held: "Third, we discern no fundamental policy underlying the [Fair Employment and Housing Act] that would dictate we categorically foreclose equitable tolling in all [Fair Employment and Housing Act] cases. To the contrary, we have explained that the express provisions of the [Fair Employment and Housing Act] evince a legislative intent that it and its statute of limitations must be liberally interpreted in favor of both allowing attempts at reconciliation and ultimately resolving claims on the merits." (*McDonald*, *supra*, 45 Cal.4th at pp. 107-108.)

The *McDonald* decision is controlling--equitable tolling principles apply beyond the circumstances set forth in section 12965, subdivision (d)(1). The stated purpose of 2002 legislation that amended section 12965 was to codify our holding in *Downs*. (§ 12965, subd. (d) (3).) No legislative committee report indicates there was an intention to *abrogate* other traditional equitable tolling rules. Nor do any committee reports identify a legislative intention to *limit* equitable tolling to the circumstances specified in section 12965, subdivision (d)(1). (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1146 (2001-2002 Reg. Sess.) as amended Jan. 14, 2002, pp. 1-7; Sen. Com. Judiciary, Analysis of Assem. Bill No. 1146 (2001-2002 Reg. Sess.) as amended Jan. 28, 2002, pp. 1-7; Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Assem. Bill No. 1146 (2001-2002 Reg. Sess.) Apr. 25, 2002, pp. 1-4.) Repeals by implication are

10

disfavored.  (*Voices of the Wetlands v. State Water Resources Control Bd.*, *supra*, 52 Cal.4th at p. 526; *California Assn. of Health Facilities v. Department of Health Services*, *supra*, 16 Cal.4th at p. 297.)  In 2002, the Legislature did not intend to repeal the traditional equitable tolling principles recognized in *McDonald*.

We now apply the foregoing principles to the present case.  On July 21, 2010, plaintiff filed her administrative complaint with the department.  On July 23, 2010, the department issued a right to sue letter.  On August 20, 2010, plaintiff filed an administrative complaint with the commission.  On August 27, 2010, plaintiff was notified that the department had referred her case to the commission.  On September 28, 2011, the commission issued a right-to-sue letter.  On December 30, 2011, plaintiff filed her complaint with the trial court.  Between July 21 and September 28, 2011, plaintiff was pursuing administrative remedies before the department or the commission.  As noted, this tolled the statute of limitations.  (*McDonald*, *supra*, 45 Cal.4th at pp. 107-108; *In re Marriage of Zimmerman*, *supra*, 183 Cal.App.4th at p. 911.)  Suit was filed on December 30, 2011, well within the one-year statute of limitations for filing a complaint in court.  (§ 12965, subd. (b); *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 66-67, fn. 1.)


C.  Other Contentions


None of the other contentions raised by defendant concerning the 114-page first amended complaint has any merit nor warrants comment.  Plaintiff lodged a 39-page proposed second amended complaint.  The proposed second amended complaint eliminated extraneous claims by reducing the number of causes of action from 13 to 3.  Upon remittitur issuance, the trial court is to order the proposed second amended complaint filed.  This aspect of our disposition will serve the interests of justice.  (Code Civ. Proc., § 906.)  Both parties will have the option of litigating a manageable second amended complaint at the pleading stage if they wish.  Defendant's contentions concerning aspects of the unmanageable first amended complaint will become moot once

the second amended complaint is filed as plaintiff requests.  The sole ground relied upon by the trial court was no tolling occurred.  Defendant remains free to challenge the second amended complaint except on statute of limitations grounds.

Finally, there is no merit to plaintiff's request that we award her attorney fees on appeal.  Fees may not be awarded until the conclusion of the action when a prevailing party has been finally determined.  (Chin, et al., Cal. Practice Guide:  Employment Litigation (The Rutter Group 2102) ¶ 17:673, p. 17-113 (rev. # 1, 2012); see *Turner v. Schultz* (2009) 175 Cal.App.4th 974, 983-984.)  Nonetheless, any such request must initially be presented to the trial court.  (Cal. Rules of Court, rules 3.1702(c), 8.278(c)(1).)

## IV.  DISPOSITION

The demurrer dismissal is reversed.  Upon remittitur issuance, the second amended complaint is to be filed.  Plaintiff, Wanda E. Clark, is awarded her appeal costs from defendant, Los Angeles County Department of Health Services.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

12