Agnes, A.J.

INTRODUCTION

This action originates with the death of Francis L. Barley on October 30, 1999. The plaintiff, Alice Barley, Francis Barley’s wife and executrix of his estate (“Ms. Barley”), brought a wrongful death action against the town of Auburn alleging negligence of the town’s rescue employees. The Defendant Town of Auburn (“Town”) now moves for summary judgment based upon the immunity provisions under the Massachusetts Tort Claims Act. For the reasons discussed below, the Town’s motion for summary judgment is DENIED.

FACTUAL BACKGROUND

On October 30, 1999, Francis L. Barley suffered a heart attack at his residence in Auburn, Massachusetts. See Memorandum of Law in Support of Defendant, Town of Auburn’s Motion for Summary Judgment[3] p. 1 (“Defendant’s Memo”). The Plaintiff, Ms. Barley, called 911 for medical assistance at approximately 3:46 p.m. Id. At Ms. Barley’s request, the neighbor placed a second 911 call at approximately 3:50 p.m. See Affidavit of Alice M. Barley. At approximately 4:11 p.m. an ambulance transported Francis Barley to St. Vincent Hospital in Worcester, Massachusetts where he died at approximately 5:30 p.m. See Defendant’s Memo, pp. 1-2. During the course of the emergency, the public safety dispatcher accessed a backup ambulance to respond to Ms. Barley’s 911 call, but the dispatcher cancelled the backup ambulance prior to confirming dispatch of the primary ambulance first called to the scene. See Auburn Fire Department Complaint Investigation (April 28, 2000).

DISCUSSION

I
Summary judgment is granted where there are no issues of material fact and when the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to a judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment not bearing the burden of proof at trial, may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). A moving party can meet its burden by showing the non-moving party lacks evidence to support the non-moving party’s case. See Kourouvacilis, 410 Mass, at 711. Once the moving party meets that burden, the non-moving party must show by admissible evidence that there does exist a dispute as to material facts. Id. (citing Godbout v. Cousens, 396 Mass. 254, 261 (1985)). A non-moving party plaintiff must set forth specific facts showing the existence of an issue for trial. Id. (citing Mass.R.Civ.P. 56(e)); Wheatley v. American Telephone & Telegraph Co., 418 Mass. 394, 397 (1994).
II
The Town claims that it is immune from liability under the provisions of the Massachusetts Tort Claims Act chapter 258, §10(j). Section 10(j) allows immunity for municipalities for:
any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer . . .
M.G.L.c. 258, §10(j).[4]
The purpose of the §10(j) exemption of the Massachusetts Tort Claims Act is to provide a “substantial measure” of immunity from liability to public employers. See Brum v. Town of Dartmouth, 428 Mass. 684, 694-95 & n. 10 (1999). A public employer is not liable for falling to prevent or diminish harm not caused by the public employer.[5] See id. at 696. For liability to attach, the actions of the public employer must be the “original cause” of the harm. “Original cause” means “an affirmative act” by the public employer that creates the “condition or situation” resulting in the harm to the plaintiff. See Jacome v. Commonwealth, 56 *74 Mass.App.Ct. 486, 489 (2002) (internal quotations omitted). For example, in the Jacome case, the plaintiff drowned on a public beach when he was swept under water by a riptide. See Jacome, 56 Mass.App.Ct. at 488. At the time of the accident no lifeguard was on duty despite signs saying a lifeguard was on duty during hours including the time when the drowning occurred. See id. The appeals court determined that section 10(j) protected the Commonwealth from liability because the Commonwealth did not create the water currents that caused the drowning. See id. at 490.
The Town of Auburn asserts that the Town’s alleged failure to timely respond to the Plaintiffs emergency 911 call was not the “original cause” of the “condition or situation” resulting in the ultimate harm, the death of Francis Barley. See Defendant’s Memo, p. 4. As the ocean current in Jacome was the original cause of the plaintiffs drowning in that case, the Town argues that Francis Barley’s health condition was the original cause of his death. See id. at 5. In Heaberlin v. Fall River Department of Social Services, this Court relied on the “original cause” principle by holding that the Fall River DSS was not liable for failing to seek timely treatment for a foster child who subsequently died of meningitis. See Heaberlin v. Fall River Department of Social Services, 2001 WL 721627, *3 (Mass.Super.)(Garsh, J.). Invoking the reasoning of the Brum case, the Court in Heaberlin stated that “(e]ven if DSS or [foster mother] negligently failed to act to diminish the harmful consequences of the meningitis . . . section 10(j) provides immunity because neither DSS . . . ‘originally caused’ Robert’s [foster child] illness.” See id. at *4; See also Brum, supra note 5.
While the reasoning in the Heaberlin case rests on a proper interpretation of §10(j), this case is factually distinguishable from Heaberlin and Jacome. Both Heaberlin and Jacome involve fact patterns where the public employer clearly did not “originally cause” the “condition or situation” that ultimately caused harm. In both cases, the public actor “failed to prevent” a harmful situation. Failing to prevent harm or an “omission” of an act falls distinctly within the ambit of protection that section 10(j) is interpreted to provide. See Heaberlin at *4 (adopting reasoning of Brum); see Brum, supra note 5. The Department of Social Services in Heaberlin did not act affirmatively to prevent the foster child from getting timely medical attention for his illness. In Jacome, the lifeguard was merely not at his or her post when the plaintiff entered the water. By contrast in this case, the public dispatcher expressly called off the backup ambulance. See Auburn Fire Department Complaint Investigation (April 28, 2000). The public actor executed an “affirmative act” to create a situation where an ambulance did not timely reach the scene of the emergency. See Jacome, 56 Mass.App.Ct. at 489. While the dispatcher did not cause the heart attack, the dispatcher “originally caused” the delay and confusion that resulted in the ambulance to reach Francis Barley in an alleged untimely manner. The dispatcher’s “affirmative act” distinguishes this fact pattern from those in prior cases.[6] Since the facts of this case take it out of the scope of the protection of §10(j), immunity does not extend to the Town in this particular situation. Thus, summary judgment is not appropriate in this case as the question of negligence is a factual question not properly determined by summary judgment.

ORDER

For the preceding reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is DENIED.

Nhe plaintiff adopts the Defendant’s summary of the case and statement of facts. See Plaintiffs Memorandum of Law in Opposition to Defendant’s Motion for Summary Judgment, p. 1.

M.G.L.c. 258, §§10(d) through (j) were added to the Tort Claims Act in response to the decision in Jean W. v. Commonwealth, 414 Mass. 496, 499 (1993), in which the Supreme Judicial Court expressed its intention to abolish the common-law “pubic duty rule.” Brum, 428 Mass, at 694. Section 10(j), the Legislature’s own version of the public duty rule, establishes a broad range of immunity, but also recognizes three distinct exceptions. By its express terms § 10(j) does not apply to: (1) “any claim based upon explicit and specific assurances of safety or assistance, beyond general representations that investigation or assistance will be or has been undertaken, made to the direct victim or a member of his family or household by a public employee, provided that the injury resulted in part from reliance on those assurances. A permit, certificate or report of findings of an investigation or inspection shall not constitute such assurances of safety or assistance: and (2) any claim based upon the intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was in before the intervention; and (3) any claim based on negligent maintenance of public property; (4) any claim by or on behalf of a patient for negligent medical or other therapeutic treatment received by the patient from a public employee.” M.G.L.c. 258, §10(j)(l), (2), (3).

In Brum, the Supreme Court of Massachusetts found that section 10(j) applied to protect the Town of Dartmouth from immunity in a negligence suit against the town for failure to maintain adequate security in a school, where the plaintiff was killed in the school by three armed individuals. See Brum v. Town of Dartmouth, 428 Mass. 684, 687 (1999). The Court found that the school and school officials did not “originally cause” the dangerous condition, but rather failed to prevent the killing. See id. at 692-93. The court refused to adopt the theory that neglect or failure to prevent amounted to “originally caused” the “condition[s] or situation[s]” that resulted in the plaintiffs death. Id. at 692. Adopting such a broad interpretation of the statutory language would eliminate the statute’s purpose of allowing immunity for public employers. See id. at 693.

In fact, the dispatcher’s act aligns this case more closely with one falling under the exception to section 10(j) distinguished in Heaberlin. Mass.G.L. chapter 258, § 10(j)(2) grants an exception to immunity when the claim is based upon the “intervention of a public employee which causes injury to a victim or which places the victim in a worse position than he was before the intervention.” See Heaberlin at *5 (quoting statute) (internal quotations omitted). Heaberlin notes the Bonnie W. case where a public employer was not immune from *75 liability In a suit where the employer recommended a parolee’s employment and gave misleading information supporting the recommendation which ultimately led to the parolee harming the plaintiff. See id. (discussing Bonnie W. v. Commonwealth, 419 Mass. 122 (1994)).