Agnes, Peter W., J.

INTRODUCTION

This is an action brought by plaintiff John Doe against the defendant, Nashoba Regional School District (“Nashoba”). The plaintiff alleges that the defendants negligently controlled and maintained their premises and, as such, failed to protect John from the sexual assault of his assailant, another male kindergartner, on the date of the incident, March 27, 2003, and thereafter. Defendant has filed a motion to dismiss the complaint on the grounds that it does not state a claim upon which relief can be granted. See Mass.R.Civ.P. 12(b)(6).

BACKGROUND

Assuming the truth of the allegations set forth in the plaintiffs complaint, the facts are as follows. On March 27, 2003, while the plaintiff John Doe was using the restroom at the Maiy Rowlandson School, part of the defendant’s regional school district, another young student (“student perpetrator”) entered the stall that the plaintiff John Doe was using and performed oral sex upon the plaintiff John Doe. See Plaintiffs Memorandum in Opposition to Defendant’s Motion to Dismiss Plaintiffs Complaint, p. 2.
Upon learning of this matter, the plaintiffs mother notified the school’s principal and set up a meeting at the school for the following day. Id. On March 28, 2003, the plaintiff John Doe’s parents, the principal, the vice-principal and the student perpetrator and his mother met at school. Id. During this meeting the student perpetrator admitted to sexually assaulting the plaintiff John Doe. Id.
At some point thereafter the defendant school district made the decision to keep the plaintiff John Doe back in the kindergarten class, while promoting the student perpetrator to the first grade. See Id., p. 2. The record is devoid of any reason for the decision not to promote John Doe other than as a means of providing some separation between him and the perpetrator of the sexual assault.
The plaintiff alleges that the defendant was negligent in the supervision of its property, which led to the aforementioned incident, and further negligent in its intervention after the incident. The plaintiff John Doe has been allegedly traumatized by both the March 27, 2003 incident as well as the school’s response thereto and as a result has suffered severe mental anguish and has been placed in a worse position than he was before the negligent intervention.

DISCUSSION

Nashoba claims that it is immune from liability-under two provisions of the Massachusetts Tort Claims Act. See G.L.c. 258, sections 10(b) and 10(j). Section 10(j) provides immunity for municipalities regarding:
any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer . . .
G.L.c. 258, ^Oft).[1]
The Discretionary Function Rule further provides immunity for any claim based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.
G.L.c. 258, §10(b).
I
The defendant’s first claim is that it cannot be liable because it was not the “original cause” of the harm to the plaintiff. See G.L.c. 258, section 10(b). “Original cause” means an “ ‘affirmative act’ (not a failure to act) ... that creates the ‘condition or situation’ that results in harm inflicted by a third party ...” Jacome v. Commonwealth, 56 Mass.App.Ct. 486, 489 (2002). For example, in the Jacome case, the plaintiff drowned at a public beach when he was swept under water by a riptide while no life guard was on duty, despite posted signs saying a lifeguard was on duty during the hours that the drowning occurred. See Jacome, 56 Mass.App.Ct. at 488. The Appeals Court determined that because the Commonwealth did not create the water current, §10(j) protected the Commonwealth from liability. See Id. at 490.
Nashoba asserts that its response to the plaintiff John Doe’s traumatic encounter, namely promoting the student perpetrator, was not the “original cause” of the “condition or situation” resulting in the ultimate harm, the plaintiff John Doe’s mental anguish. Just as the court established the riptide to be the original cause of the plaintiffs death in Jacome, Nashoba argues that the sexual assault committed by the perpetrator was the original cause of the plaintiff John Doe’s trauma.
While the result in Jacome follows from the plain meaning of the words of the statute, G.L.c. 258, §10(j), this case is factually distinguishable. In Jacome, the town did not act affirmatively in harming the plaintiff while he swam; the lifeguard was simply absent. By contrast, in this case the Town committed an act independent of the unlawful act originally committed by the perpetrator of the sexual assault — namely, it promoted the wrongdoer and kept the victim behind *133 in school. It is this independent, intervening act that the plaintiffs allege was wrong and produced the harm. This case more closely resembles Barley v. Town of Auburn rather than Jaco me.
In Barley v. Town of Auburn, 19 Mass. L. Rptr. 73, Worcester Sup.Ct. No. WOCV-2002-02141-A (Mass.Super.Ct. 2005), plaintiffs husband suffered a heart attack at their residence. During the course of the emergency, the public safety dispatcher canceled the backup ambulance that had been accessed before confirming the dispatch of the primary ambulance called to the scene. Id. As a result of this confusion, the ambulance took more than 20 minutes to respond. Id. The court found that “(w)hile the dispatcher did not cause the heart attack, the dispatcher ’’originally caused" the delay and confusion that resulted in the ambulance to reach [plaintiffs husband] in an untimely manner." Id. Likewise, in Serrell v. Franklin County, 47 Mass.App.Ct. 400, a visitor at a house of correction was injured by correctional officers who were attempting to quell a disturbance caused by an inmate. The court concluded that defendant did not enjoy immunity from suit under G.L.c. 258, sec. 10(j) because the “officers’ intervention exacerbated the situation to [the plaintiff s] detriment and, ultimately, her harm.”
While it is certainly true that the defendant did not cause the student perpetrator to sexually assault the plaintiff John Doe, the Town made the decision to affirmatively intervene after the fact. In such circumstances, the defendant’s conduct should not be regarded as within the exemption to immunity under G.L.c. 258, sec. 10(j)(2) in that the defendant’s acts placed the plaintiff John Doe in a worse position than he was before the intervention.
II
A
Regarding the defendant’s second claim that its conduct involved a discretionary function for which no liability can be assigned, see G.L.c. 258, sec. 10(b), the court must first consider, “whether the governmental actor had any discretion at all as to what course of conduct to follow,” and second, “whether the discretion that the actor had is that kind of discretion for which § 10(b) provides immunity from liability.” Harry Stoller and Co., Inc. v. City of Lowell, 412 Mass. 139, 141 (1992). Public school authorities clearly have discretion in making decisions about whether to promote or keep behind the students in their schools. However, the Supreme Judicial Court has explained that in enacting section 10(b), the Legislature did not intend to exempt all discretionary decisions made by municipal officials. “The discretionary function exception is narrow, providing immunity only for discretionary conduct that involves policy making or planning.” Greenwood v. Town of Easton, 444 Mass. 467, 470 (2005) (Town’s failure to adequately secure telephone poles being used as parking barriers did not involve a high degree of planning and was not discretionary under section 10(b) (quotation omitted)). In Greenwood, the Supreme Judicial Court emphasized that in answering the second question of the two-part test developed in Harry Stoller & Co., supra, strict attention must be paid to the allegedly negligent conduct and not simply to whether the actor is carrying out some broader governmental policy. Greenwood, 444 Mass. at 470 quoting Horta v. Sullivan, 418 Mass. 615, 621 (1994). Only when the discretionary decision which causes the injury has a “high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning,” as opposed to conduct which consists of “carrying out previously established policies or plans,” will the exemption apply. Whitney v. Worcester, 373 Mass. 208, 218 (1977). See also Harry Stoller & Co., supra at 142 (“If the injury-producing conduct was an integral part of governmental policymaking or planning, if the imposition of liability might jeopardize the quality of the governmental process, or if the case could not be decided without usurping the power and responsibility of either the legislative or executive branch of government, governmental immunity would probably attach”).
B
It is reasonable to assume that a school department or school committee will consider a variety of factors— educational, psychosocial, health and safety related— in fashioning a student promotion policy. If a plaintiff alleges harm resulting from the adoption of such a policy, the conduct of any of the municipal employees or officials involved in establishing the policy would be immune from liability under section 10(b). On the other hand, if the school in question has a policy with respect to student promotion and the plaintiff alleges that he was harmed as a result of the implementation or carrying out of that policy, the conduct of the municipal employee or official involved will not be exempt from liability simply because it involved some degree of discretion, see Greenwood, supra 444 Mass. at 470, unless that discretion is an integral part of governmental policy-making or planning. See Greenwood, supra, 444 Mass. At 471 n.6 (list of cases in which the court has declined to apply the discretionary function exception). Compare Audette v. Commonwealth, 63 Mass.App.Ct. 727 (2005) (court concludes that the Commonwealth could not be liable under section 10(b) for the harm caused when a state police trooper allegedly failed to properly train or remove from service his police canine which attacked and bit a suspect during a drug-related inspection of a stopped motor vehicle).
On the record before the court there is no evidence about whether there was a policy or established process governing the decision to promote to a higher grade the perpetrator of a sexual assault and to keep back the student victim of the sexual assault. There is *134 no evidence of the level of the school administration involved in making the decision. If there was a policy or governing procedure involved, the record is silent as to whether it was followed or violated. The simple expedient of separating two students whose proximity to each other would create a risk of further harm does not involve any high level policymaking or planning and would not be the type of discretionary decision that the Legislature intended to make municipalities immune from civil liability for under G.L.c. 258.
In a case such as this in which the basis for the conduct of municipal employees or officials which is alleged to have harmed the plaintiff is unclear, it is not appropriate to dismiss the complaint on the basis of G.L.c. 258, Sec. 10(b). Perhaps, as a result of additional discovery, the existence of a governmental policy or procedure will be revealed or the nature of the decision-making conduct carried out by the teachers or school administrators involved in the case will be shown to have been the type that immunizes them and the Town from liability under section 10(b).

ORDER

For the foregoing reasons, the defendant Nashoba’s motion to dismiss is DENIED.

 Relevant express exceptions include: “any claim based upon the intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was in before the intervention.” G.L.c. 258, §10(j)(2).